

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 6, 1966

Hon. Frank M. Jackson
Executive Secretary
Teacher Retirement System
Austin, Texas

Opinion No. C-749

Re: Whether employees of
Regional Education Media
Centers, created pursuant
to S.B. 408, Acts 59th
Legislature, R.S., 1965,
Ch. 448, p. 912, are
eligible for membership
in the Teacher Retirement
System, and if so, is
such membership required
as a condition of em-
ployment?

Dear Sir:

Two questions are submitted in your letter of August
18, 1966, which reads, in part, as follows:

"1. Are employees of Regional Educa-
tion Media Centers as created by S.B. 408,
59th Texas Legislature, Regular Session,
1965, eligible for membership in the Teacher
Retirement System of Texas?

"2. If your answer to question 1 is
in the affirmative, are employees of such
Regional Education Media Centers required
by law to be members of the Teacher Retire-
ment System of Texas as a condition of em-
ployment?"

S.B. 408, Acts 59th Legislature, R.S., 1965, Ch. 448,
p. 912, codified as Article 2654-3d, Vernon's Civil Statutes,
authorizes the State Board of Education to provide for the es-
tablishment and a procedure for the operation of Regional Educa-
tion Media Centers "to provide education media materials, equip-
ment, maintenance thereof, and services to the public free school
districts of this state who participate therein." Section 4. a.

-3605-

defines Regional Education Media Center to be "an area center, composed of one or more entire Texas school districts, that is approved /‾by the Central Education Agency_7 to house, circulate and service educational media for the public free schools of the districts which are participant members thereof."

Each Center is to be governed in its local administration by a Regional Media Board which is authorized to employ such personnel as necessary to carry out the functions of the Center and to pay such personnel by warrants drawn on proper funds. The State Board of Education is authorized to adopt uniform rules and regulations to provide for the local selection, appointment and continuity of membership for regional center boards. The costs in connection with the Centers is to be borne by the state and each participating district as provided in the Act, and the Central Education Agency is authorized to review the services of the Centers.

Section 48a, Article III, Texas Constitution, provides in part:

"In addition to the powers given to the Legislature under Section 48, Article III, it shall have the right to levy taxes to establish a fund to provide retirement, disability and death benefits *for persons employed in the public schools*, colleges and universities supported wholly or partly by the State; . . . ." (Emphasis added.)

Subdivision 2, Section 1, Article 2922-1, Vernon's Civil Statutes, known as the Teachers Retirement Act, defines "public school" as "any educational institution or organization in this State which under the laws of Texas are entitled to be supported wholly or partly from public funds by the State of Texas or by any county, school district or other municipal corporation of the State of Texas." (Emphasis added.) The Regional Education Media Centers are authorized for educational purposes and supported by public funds, and the Regional Media Boards are, in a sense, agencies of the State Board of Education. Subdivision 6 of Section 1, Article 2922-1, defines "employer" as "the State of Texas and any of its designated agents or agencies with responsibility and authority for public education, such as . . .or any other agency of and within the State by which a person may be employed for service in public education."

The Centers fall within the meaning of "public school" as defined by the Teachers' Retirement Act, and a Regional Media Board is an "employer" as defined by the Act. If an employee of

a Regional Education Media Center is a "teacher" or "auxiliary employee" as those terms are defined by the Teachers' Retirement Act, such employee is eligible for membership in the Teacher Retirement System. If there is doubt as to whether an employee is a "teacher" or whether an employee is an "auxiliary employee," the State Board of Trustees for the Teacher Retirement System has the authority to make the determination pursuant to Subdivisions 3 and 4 of Section 1, Article 2922-1.

The answer to your first question being in the affirmative, your second question is also answered in the affirmative.

Subdivision 2(a), Section 3, Article 2922-1, Vernon's Civil Statutes, provides:

"Every person who on September 1, 1955 or thereafter shall be employed as a teacher or as an auxiliary employee in any public school or in any other branch or unit of the public school system of this State, shall become a member of the Retirement System as a condition of his employment." (Emphasis added.)

If the employee is eligible as a "teacher" or an "auxiliary employee", membership is required unless the employee is specifically exempted by paragraphs (b) or (c) of Subdivision 2, Section 3, Article 2922-1.

### S U M M A R Y

Employees of Regional Education Media Centers, created pursuant to S.B. 408, Acts 59th Legislature, R.S., 1965, Ch. 448, p. 912, codified as Article 2654-3d, Vernon's Civil Statutes, who are "teachers" or "auxiliary employees" as those terms are defined by the Teachers' Retirement Act, Article 2922-1, Vernon's Civil Statutes, are eligible for membership in the Teacher Retirement System, and such membership is required as a condition of employment unless such employees are otherwise exempted by the Teachers' Retirement Act.

Very truly yours,

WAGGONER CARR
Attorney General

By: Robert L. Towery
Robert L. Towery
Assistant

RLT:mh:mkh

Hon. Frank M. Jackson, page 4, (C-749)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Houser
James McCoy
Alan Minter
Lewis Berry, Jr.

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright